J-S49018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| NATHANIEL DIXON | |
| Appellant | No. 2995 EDA 2013 |

Appeal from the PCRA Order October 23, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0809733-2001

BEFORE: OLSON, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.: **FILED DECEMBER 31, 2014**

Nathaniel Dixon appeals from the order entered on October 23, 2013, in the Court of Common Pleas of Philadelphia County, dismissing, without a hearing, his first petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*. Dixon, who was convicted of arson, conspiracy and aggravated assault[1] in 2003 and subsequently sentenced to 30 to 60 years' incarceration, claims the PCRA court erred in rejecting his claims of ineffective assistance of counsel, where: (1) counsel advised Dixon to reject a plea offer that would have imposed a significantly lower sentence, and (2) counsel failed to file a timely motion objecting to the illegal nature of his sentence. Additionally, Dixon claims the cumulative effect of the above

_____

[1] 18 Pa.C.S. §§ 3301, 903 and 2702, respectively.

errors denied Dixon due process of law and the PCRA court erred in dismissing his petition without conducting an evidentiary hearing. After a thorough review of the submissions by the parties, the certified record and relevant law, we affirm. Additionally, we deny Dixon's motion for remand seeking to amend his petition to add another claim.

> Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Heredia*, 97 A.3d 392, 394 (Pa. Super. 2014) (citation omitted). Furthermore, we "may affirm a PCRA court's decision on any grounds if the record supports it." *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

We recite the salient facts of the underlying case as reported by the PCRA in its Pa.R.A.P. 1925(a) opinion.

> On February 26, 2001, approximately 9:00 o'clock PM, Complainant Wanda Brown, along with seven other people, were inside a residence located at 2047 Turner Street, Philadelphia, PA when a fire was intentionally started by [Dixon] and his co-defendant Rondell Slaughter. The fire was described by Brown and Sheena Washington, who was inside the residence. They testified about their desperate attempts to escape the fire along with the injuries and medical treatment they received. Detective Timothy Brooks testified about the serious injuries he observed on the other victims of the fire. Initially Brown, an admitted trafficker in narcotic drugs and prostitution, refused to cooperate with police and she denied knowing anything about the fire. Fearing retaliation from the perpetrators of the fire, Brown hid in an abandoned building for several months. Brown claimed that she feared for her life because she had been threatened and

followed by [Dixon]. Through the efforts of Detective Brooks, Brown was located and cooperated, immediately identifying [Dixon] and his co-defendant as having set the Turner Street fire in retaliation for a drug deal gone bad.

PCRA Court Opinion, 2/10/2014, at 2-3 (citations to record omitted).

Dixon was tried by a jury and was convicted on charges of arson, conspiracy and five counts of aggravated assault. He was subsequently sentenced to 30-60 years' incarceration.

Dixon filed a direct appeal and obtained no relief. The Pennsylvania Supreme Court denied Dixon's Petition for Allowance of Appeal on August 10, 2006. Dixon filed this, timely, PCRA petition on May 16, 2007.[2] Counsel was appointed and an amended petition was filed. Following proper notice, on October 23, 2013, the petition was denied without a hearing. This timely appeal was filed on October 28, 2013.

Dixon has raised four issues, which we will restate for clarity.

1) Trial counsel was ineffective for failing to recommend that Dixon accept the Commonwealth's guilty plea offer;

2) His sentence is illegal and trial counsel was ineffective for failing to raise a timely objection, thereby waiving the claim;

3) The cumulative effect of the foregoing claims prejudiced Dixon; and

4) The PCRA court erred in dismissing his petition without a hearing.

---

[2] The timeliness of this petition is not at issue. It is facially timely and so we will not recite the statutory requirements for timeliness. For reference, *see* 42 Pa.C.S. § 9545(b).

None of Dixon's claims is meritorious.

Before we address the substance of the claims, we note,

> In order to prevail on a claim of ineffectiveness of counsel made in a post-conviction context, [a defendant] must establish by a preponderance of the evidence that: the claim has arguable merit; trial counsel had no reasonable basis for proceeding as he did; and but for counsel's errors and omissions, there is a reasonable probability that the outcome of the proceedings would have been different. *See Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). Trial counsel is presumed to have been effective, *see Commonwealth v. Copenhefer,* 553 Pa. 285, 301, 719 A.2d 242, 250 (1998), *cert. denied,* 528 U.S. 830, 120 S.Ct. 86, 145 L.Ed.2d 73 (1999), and this Court's review of the denial of post-conviction relief is limited to an examination of whether the PCRA court's determination is supported by evidence of record and free from legal error. *See Commonwealth v. Williams*, 557 Pa. 207, 225, 732 A.2d 1167, 1176 (1999).

*Commonwealth v. Basemore*, 744 A.2d 717, 728 n.10 (Pa. 2000).

> Further,

> Ordinarily, a claim of ineffectiveness may be denied by a showing that the petitioner's evidence fails to meet a single one of these prongs. *See generally [Commonwealth v.] Rollins*, 558 Pa. [532] at 542-44, 738 A.2d [435] at 441.

*Id*. at 738 n.23.

In his first issue, Dixon claims his trial counsel was ineffective for failing to advise him to accept the Commonwealth's negotiated guilty plea offer which would have resulted in the imposition of a 10 – 20 year sentence. Dixon claims that had counsel fully explained the significance of the offer and the likelihood of conviction, he would have accepted the offer.

The PCRA court accepted the Commonwealth's argument that Dixon waived this claim by failing to present an offer of proof that the Commonwealth offered Dixon a plea. However, we are compelled to agree with Dixon that he provided sufficient information regarding this claim to avoid waiver.

> Before reviewing the PCRA Court's disposition of Appellant's claim, we are compelled to point out the error in the PCRA Court's stated policy of requiring that a PCRA petitioner submit affidavits of witnesses *before* holding an evidentiary hearing. *See* PCRA Court Opinion at 5. The relevant governing statutory provision, 42 Pa.C.S.A. § 9545(d)(1), does not require affidavits from proposed witnesses to be submitted by the PCRA Petitioner prior to ordering an evidentiary hearing. Section 9545(d)(1) provides as follows:
>
> (D) EVIDENTIARY HEARING.-
>
> > (1) Where a petitioner requests an evidentiary hearing, the petition shall include a signed **certification** as to each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony. Failure to substantially comply with the requirements of this paragraph shall render the proposed witness's testimony inadmissible.
>
> 42 Pa.C.S.A. § 9545(d)(1)(emphasis supplied).
>
> Thus, where a petitioner requests an evidentiary hearing, as Appellant did in this instance, the petition must include only a signed certification as to each intended witness and the petitioner must also provide the witness's name, address, date of birth and the substance of the proposed testimony.

***Commonwealth v. Brown***, 767 A.2d 576, 582 (Pa. Super. 2001).  ***See also***, ***Commonwealth v. Pander***, 100 A.3d 626, 639-642 (Pa. Super. 2014)(*en banc*).[3]

Dixon provided a signed certification indicating both he and trial counsel, William Brennan, would testify in accordance with his claim the Commonwealth did indeed offer Dixon the plea agreement.  Nevertheless, Dixon is not entitled to relief.

In his brief, Dixon admits that throughout his representation by Attorney Brennan, he "repeatedly told counsel that he was actually innocent of the crime charged."[4]  Therefore, for Dixon to prevail on his claim of ineffective assistance of counsel, we would be compelled to determine that counsel was ineffective for failing to convince Dixon to lie to the trial court, admitting guilt in court when he adamantly denied it.  As a matter of policy, we will not find counsel ineffective for failing to advise his client to commit perjury.

However, a defendant still has the possibility of entering into an ***Alford***[5] plea.

_____

[3] As is properly surmised from the four-page citation, ***Pander*** provides a detailed analysis of issue of certification versus affidavit.

[4] Appellant's Brief at 13

[5] ***North Carolina v. Alford***, 400 U.S. 25, 91 S.Ct. 160 (1970).

An **Alford** plea is a *nolo contendere* plea in which the defendant does not admit guilt but waives trial and voluntarily, knowingly and understandingly consents to the imposition of punishment by the trial court. Provided the record reflects a factual basis for guilt, the trial court may accept the plea notwithstanding the defendant's protestation of innocence.

**Commonwealth v. Snavely**, 982 A.2d 1244, n.1 (Pa. Super. 2009) (citations omitted).

Dixon has provided no argument that an **Alford** plea was offered. Nor is there any authority for the proposition that an **Alford** plea is necessarily included in the Commonwealth's offer of a guilty plea. Therefore, the record fails to demonstrate that an **Alford** plea was available to Dixon. Counsel cannot have been ineffective for failing to recommend Dixon accept an offer that was never made or even available. Accordingly, Dixon is not entitled to relief on this claim.[6]

_____

[6] Our research into this issue led us to discover one case that directly addressed a guilty plea offer in light of a continuing assertion of innocence, **Cullen v. United States**, 194 F.3d 401, C.A.2(Vt.)(1999). **Cullen** determined ineffective assistance of counsel was viable because if the offer had been fully discussed, the defendant might have changed his mind. Initially, **Cullen** a federal appellate decision from the Second Circuit, is not binding upon our Court. Further, **Cullen** presumes the defendant was lying about his innocence; we will not make that presumption. Finally, **Cullen** never mentions the possibility of an **Alford** plea, which would be proper offer given an assertion of innocence. As we do not presume Dixon was lying, we cannot ignore the **Alford** plea option. Dixon has never complained that his counsel failed to investigate an **Alford** plea.

Next, Dixon claims his sentence was illegal[7] in that all five counts of aggravated assault were based upon a single act – specifically, throwing a Molotov cocktail. Dixon argues,

> In **Commonwealth v. Walker**, 468 Pa. 323, 362 A.2d 227 (1976) the Supreme Court stated that:
>
>> Where there is but one act or cause of injury or death to a number of people, there is but one injury to the Commonwealth, but where the acts or causes are separate, they are separate injuries to the peace and dignity of the Commonwealth … Where there has been a single injury to the peace and dignity of the Commonwealth, it is beyond the power of the sentencing court to impose multiple sentence upon the defendant.

Dixon's Brief at 16-17.[8]

This theory was subsequently specifically overruled. In referring to those specific quotes, our Supreme Court stated, "To the extent that the above-quoted language from **Walker** conflicts with our holding today,

---

[7] The PCRA court analyzed this issue as a challenge to the discretionary aspects of the sentences. Because the issue sounds in double jeopardy, it is an issue of legality. **See generally**, **Commonwealth v. Frisbie**, 485 A.2d 1098 (Pa. 1984).

[8] The quote is actually a compilation of two sentences from **Walker**. The first portion of the quote is found at 362 A.2d at 231; the second portion is located at 362 A.2d at 230 n.3. This compilation has not taken those sentence out of context, and the quote accurately sets forth the Supreme Court's reasoning.

*Walker* is expressly overruled." ***Commonwealth v. Frisbie***, 485 A.2d 1098, 1099 (Pa. 1984). Therefore, Dixon cannot prevail on this claim.[9]

Dixon's final two claims are both dependent upon the merit of his first two claims. Because they were not meritorious, he cannot prevail.

Dixon argues that even if prejudice from each of his first two claims did not independently require relief, cumulative prejudice did. ***See Commonwealth v. Johnson***, 966 A.2d 523 (Pa. 2009) (multiple instances of ineffectiveness resulted in prejudice). However, "no quantity of meritless issues can aggregate to form a denial of due process." ***Commonwealth v. Rollins***, 738 A.2d 435, 452 (Pa. 1999). Accordingly, Dixon is not entitled to relief on his third issue.

In his final claim, Dixon argues the PCRA court erred in denying his petition without granting him an evidentiary hearing. Here, the PCRA court correctly notes that there is no absolute right to an evidentiary hearing on a PCRA petition.

---

[9] Dixon did not develop his argument beyond his reliance on the overruled language of ***Walker***, therefore, we need not conduct any further analysis. However, we note that ***Frisbie*** explains that to determine if double jeopardy is implicated in sentencing on multiple injuries from a single action, one must examine the language of the statute to determine the legislature's intent. In this regard, we agree with the Commonwealth's able analysis concluding that it is constitutional to sentence a defendant for multiple aggravated assaults arising from a single illegal action. ***See*** Commonwealth's Brief at 11-13, *citing* ***Commonwealth v. DeSumma***, 559 A.2d 521 (Pa. 1989); ***Commonwealth v. Yates***, 562 A.2d 908 (Pa. Super. 1989). Here, five people were injured as a result of the single act of arson. The five sentences imposed were not illegal.

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. ***Id***. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. ***Commonwealth v. Hardcastle***, 549 Pa. 450, 454, 701 A.2d 541, 542-543 (1997).

***Commonwealth v. Wah***, 42 A.3d 335 (Pa. Super. 2012).

We have reviewed each issue and concluded there were no genuine issues of material fact in controversy, as well as having determined the claims were frivolous. Therefore, the PCRA court did not err in denying Dixon an evidentiary hearing.

Finally, we deny Dixon's motion to remand to amend his petition.[10]

Order affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

_____

[10] Dixon's co-defendant raised a claim in his PCRA petition regarding the replacement of a juror during deliberation without first determining whether the replacement juror had been in any way tainted. ***See Commonwealth v. Slaughter***, ____ A.3d ____ [367 EDA 2013], (Pa. Super. Sept. 12, 2104) (unpublished memorandum). The case law cited by our Court in granting Slaughter relief dates from 1996. Dixon had the opportunity to raise the issue in his direct appeal, but did not. He had the opportunity to raise the issue in his PCRA petition, but did not. Although the issue was clearly present, it was ignored until his co-defendant obtained relief. We are compelled to agree with the Commonwealth that the issue has been waived.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/31/2014